CRAVEN v. CLARK.

(District Court, D. Massachusetts. October 27, 1917.)

No. 120.

DISMISSAL AND NONSUIT ⬤⟜81(8)—RESTORATION AFTER DISMISSAL—EXCUSABLE NEGLECT.

Some time after the filing of the auditor's report, which was adverse to plaintiff, his counsel died. Plaintiff did not understand that the case was likely to be dismissed or dropped by the court, and delayed for some time in securing other counsel. After the case had been closed by the entry "Neither party," counsel consulted by plaintiff moved to docket the case; but such counsel filed no appearance. Held, in view of the fact that plaintiff endeavored to have the case put on the trial calendar, his negligent delay in securing other counsel should not preclude restoration of the case to the docket on his giving security for payment of costs accrued.

At Law. Action by Michael Craven against Embury P. Clark. The case was closed by the entry of "Neither party." On motion by plaintiff to restore the case to docket. Motion granted, on condition.

Samuel W. Emery and Hoar & Dewey, all of Boston, Mass., for plaintiff.

Christopher T. Callahan, of Holyoke, Mass., and Hurlburt, Jones & Cabot, of Boston, Mass., for defendant.

MORTON, District Judge. On May 3, 1915, this case was closed by an entry of "Neither party," entered by the clerk under the general order of March 16, 1915, for the disposition of cases in which no action had been taken for more than two years preceding April 1, 1915. The plaintiff now moves that the entry be vacated and the case be restored to the docket.

The action was begun on June 29, 1910, by a writ in this court. It was referred to an auditor and was fully heard by him, and his report was filed on October 18, 1911. In November, 1912, Mr. Emery, counsel for the plaintiff, died, and no other counsel appeared for the plaintiff until in connection with this motion. Notice that the action was subject to dismissal under the general order was mailed by the clerk to Mr. Emery. What became of it does not appear. The plaintiff

knew about Mr. Emery's death shortly after it occurred, and made various efforts to get other counsel. His wife died during this period, but, so far as appears, he himself was able to attend to his business affairs. He did not, however, know that the case was likely to be dismissed or dropped by the court. Counsel consulted by him made an oral request of the clerk to put the case upon the trial list in the spring of 1915, but did not at that time enter any appearance. The request was not complied with, because it came too late, the list having been already made up; and nothing further was done about the case until this motion.

It thus appears that for about 3½ years after the filing of the auditor's report, which was against the plaintiff, no action was taken by the plaintiff in further prosecution of his case. During that time his counsel died, but he knew of the death, and knew that it was necessary for him either to get other counsel or to attend to the case himself. There does not seem to have been an intentional abandonment of it. His action in endeavoring to have it put on the trial list last spring disproves that. If the facts had been called to the attention of the court before the order of dismissal was entered, it would not have been dismissed. The plaintiff was plainly at fault for not following up his case himself, or seeing that he had counsel to do so, after Mr. Emery's death. I think, however, that to adhere to the entry of "Neither party" is to penalize such negligence too highly.

If, within 60 days from the entry of this order, the plaintiff shall give to the defendant satisfactory security for the payment by the plaintiff of the defendant's taxable costs to date, in case the defendant shall finally prevail, the entry "Neither party" is to be struck off, and the case is to be restored to the docket; otherwise, the entry is to stand.